The People of the State of Illinois for use of John McAndrews, Plaintiff in Error, v. John C. Bruner et al., Defendants in Error.

Gen. No. 5,912.    (Not to be reported in full.)

Error to the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 27, 1914.

## Statement of the Case.

Action by the People of the State of Illinois for the use of John McAndrews against John C. Bruner, Fred Luhrsen, William Flanigan, Fred Weber and J. W. Conard in assumpsit. Service was had upon all of the defendants except J. W. Conard. An attorney entered the appearance of all the defendants. A declaration was filed in the name of John McAndrews, plaintiff, against the defendants. It contained two counts. The first count alleged that Bruner was the treasurer of Drainage District No. 4 in Iroquois county, and filed an instrument which was accepted by the drainage commissioners of said district, by which Bruner obligated himself to account for all moneys that came to his hands as such treasurer, and the other defendants obligated themselves for such moneys; that plaintiff contracted with the commissioners of said district to excavate certain ditches and the district agreed to pay him certain sums therefor on the monthly estimates of the engineer for the district, and that ten per cent. of the estimate for each month was to be withheld as security for the completion of the work and be paid to plaintiff when the work was completed and accepted; that plaintiff dug the ditches, received estimates and received ninety per cent. thereof from time to time and that Bruner as treasurer withheld ten per cent. of each of said estimates at the time; that the amount so withheld belonging to plaintiff amounted to

$1,158.25, and that plaintiff never received that sum from any one; that he completed his contract and the work was accepted by the district and the sum so withheld became immediately due and payable to plaintiff; that said sum came to the hands of Bruner as such treasurer and his duty required him to pay it to plaintiff when the work was completed and accepted, and that, though often requested, he had not paid it. The second count contained like allegations and set out said treasurer's bond in *haec verba,* showing it to be an instrument under seal and showing it not signed by defendant, Conard. This count also alleged an assessment made and collected to pay for said excavations, and that the money came to the hands of said treasurer and that plaintiff had a lien upon said funds in the possession of said treasurer to the amount of all estimates allowed in his favor; that the treasurer paid out of said funds divers amounts upon other claims and indebtednesses of the district and left no funds with which plaintiff could be paid. The defendants demurred specially and generally to said declaration and said demurrer was sustained and plaintiff elected to abide by the declaration, and defendants had a judgment in bar. To reverse the judgment, plaintiff appeals.

GOWER, COOPER, HOBBIE & PARISH, for plaintiff in error.

M. K. Smith, for defendants in error.
PER CURIAM.

### Abstract of the Decision.

1. PARTIES, § 13*—*when declaration in suit for use irregular as to party plaintiff.* Where the People of the State of Illinois for the use of an individual is the plaintiff in the summons, it is irregular to file a declaration in the name of such individual alone as plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. OFFICIAL BONDS, § 29*—*form of action in suit on bond under seal.* The proper form of action upon an official bond under seal is debt and not assumpsit.

3. OFFICIAL BONDS, § 32*—*sufficiency of declaration.* In an action on an official bond, a count in the declaration *held* defective as containing no allegations which would make one of the defendants liable on the instrument, which was not executed by him.

4. OFFICIAL BONDS, § 32*—*when declaration fatally defective.* In an action on an official bond of a treasurer of a drainage district for a balance claimed to be due to plaintiff for work and alleged to be wrongfully withheld by the treasurer, a declaration failing to allege whether the district was operating under the acts forbidding the treasurer of a district organized thereunder to pay out money except upon the written order of the majority of the commissioners, and failing to allege that plaintiff obtained any such order and presented the same to the treasurer for payment, *held* fatally defective, since the declaration must be construed most strongly against the pleader.